## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CR 03-1548 RB |
| | ) | (USCA No. 05-2282) |
| MIGUEL VASQUEZ-QUINTANA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court upon partial remand by the Tenth Circuit Court of Appeals for a determination of whether "excusable neglect" within the meaning of FED. R. APP. P. 4(b)(4) permitted the untimely filing of a notice of appeal. Having considered the submissions of counsel, the record, applicable law, and being otherwise fully advised, I find that Defendant ("Vasquez") has failed to demonstrate excusable neglect.

I.      Background.

On August 20, 2004, judgment was entered in this case. On September 20, 2004, Vasquez submitted a letter to the Court requesting permission to file an appeal. Vasquez claimed that he had asked defense counsel to file an appeal, but that defense counsel had failed to do so. On October 1, 2004, the Court forwarded the September 20, 2004 letter to defense counsel and requested a response from defense counsel within fourteen days. On October 13, 2004, defense counsel responded by letter that he had no recollection of a request to appeal and that defense counsel's review of correspondence received by counsel from Vasquez revealed no request for an appeal. On

July 27, 2005, Vasquez submitted another letter to the Court.  The letter was designated as a notice of appeal and filed on August 31, 2005.

The Court of Appeals construed Vasquez's September 20, 2004 letter as a notice of appeal. Because this notice of appeal was filed more than ten days, but less than forty days after judgment, the Court of Appeals remanded the matter to this Court for a determination of whether excusable neglect justified the delay.  *See* FED. R. APP. P. 4(b)(4).

On November 10, 2005, defense counsel filed a Memorandum of Fact stating that counsel had no recollection of Vasquez ever indicating a "desire or intention to appeal the sentence" in this case and arguing that Vasquez should not be prejudiced by defense "counsel's inability to recall Defendant's intention to file an appeal and/or Defendant's inability to articulate his intention." (Doc. 28.)  The Government filed a response, arguing that the delay was not justified by excusable neglect.

## II.   Discussion.

The filing of a timely notice of appeal is "mandatory and jurisdictional." *United States v. Torres*, 372 F.3d 1159, 1161 (10th Cir. 2004).  In a criminal case, a defendant's notice of appeal must be filed in the district court within ten days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.  FED. R. APP. P. 4(b)(1)(A).  However, Rule 4 also provides that "[u]pon a finding of excusable neglect or good cause, the district court may . . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."  FED. R. APP. P. 4(b)(4).

The determination of whether a party's neglect is excusable is fundamentally an equitable

inquiry, taking account of all relevant circumstances surrounding the party's omission. *Torres*, 372 F.3d at 1161. Such circumstances include (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Torres*, 372 F.3d at 1162. The standard of review is abuse of discretion. *Torres*, 372 F.3d at 1161.

In *Torres*, the Court of Appeals determined that three of the relevant circumstances weighed in favor of a finding of excusable neglect. *Torres*, 372 F.3d at 1162-63. The notice of appeal was only eight days late, and there was no indication of prejudice or bad faith. However, the reason for the delay was that defense counsel had confused the filing deadlines for criminal and civil appeals. Writing for the panel, Judge Hartz stated that fault for the delay was "the most important single factor" in determining whether neglect is excusable and that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Id.* Thus, the Court of Appeals found the district court had abused its discretion in finding that the delay in filing was the result of excusable neglect. *Torres*, 372 F.3d at 1163-64. The Court of Appeals reversed the district court and dismissed the appeal. *Torres*, 372 F.3d at 1164.

Applying the *Torres* factors to this case results in the conclusion that Vasquez has failed to demonstrate excusable neglect. While there is no indication that Vasquez acted in bad faith, the delay in this case was lengthy. Although Vasquez's September 20, 2004, letter was submitted approximately thirty days after judgment, the appeal was not docketed for more than a year. Significantly, no reason for the additional one-year delay is proffered. Vasquez claims that his appeal was untimely because defense counsel failed to follow his instructions and file a notice of appeal.

Defense counsel, however, does not recall a request for an appeal. I would expect counsel to clearly recall a request to appeal received from a defendant who had in writing clearly waived such right. Assuming for the sake of argument, however that Vasquez tried to communicate his desire to appeal to defense counsel, defense counsel did not receive or process his request.  Inadvertence or mistake does not constitute excusable neglect.  *Torres*, 372 F.3d at 1163-64.  Finally, the Government would be prejudiced if the appeal were permitted to proceed.   Vasquez's plea agreement contained a specific, detailed waiver of his right to appeal.  In return for this waiver, the Government extended a favorable "fast track" plea.  Combining the lengthy delay and the waiver, the Government would be prejudiced if the untimely appeal were permitted.


**III.     Conclusion.**

     Vasquez has failed to demonstrate excusable neglect for his untimely notice of appeal.


_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**